Reuben C. SUBLETT, Appellant,

v.

STATE of Alaska, COMMERCIAL FISHERIES ENTRY COMMIS-SION, Appellee.

No. S-2560.

Supreme Court of Alaska.

May 5, 1989.

Arthur S. Robinson, Robinson, Beiswenger & Ehrhardt, Soldotna, for appellant.

Madeleine Levy, Asst. Atty. Gen., Anchorage, Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

OPINION

COMPTON, Justice.

This appeal arises out of a decision by the Commercial Fisheries Entry Commission (CFEC) denying Reuben Sublett a limited entry permit. The CFEC refused to credit Sublett with past participation points for the year he was a partner of the named gear license holder. The superior court, sitting as an appellate court, AS 22.10.020, Alaska Rule of Appellate Procedure 601, affirmed the CFEC's decision. Sublett appeals. We affirm.

I. FACTUAL AND PROCEDURAL BACKGROUND

In 1971 Reuben Sublett fished commercially in the Cook Inlet drift gill net fishery as a partner of William McClintock. The gear license was in McClintock's name.

5. I agree with the court's holding that the superior court did not err in denying Pan Alaska's motion for stay.

After the 1971 season ended, Sublett purchased the boat from McClintock. He purchased his own gear license in 1972 and fished commercially by himself during that season.

The Limited Entry Act (the Act) was enacted in 1973. AS 16.43.010–.990. The Act requires a permit to commercially fish in designated distressed fisheries.[1] *Id.* The Cook Inlet drift gill net fishery was designated a distressed fishery. 20 AAC 05.300.

Sublett applied for a Cook Inlet drift gill net permit in March 1975. He claimed 15 points, including 3 as a gear license holder in 1971 under the gear license issued in McClintock's name. The CFEC classified Sublett with 12 points, awarding him one crewman's point for the 1971 season. His application was initially denied in September 1975.[2]

Sublett timely contested his classification and requested a hearing. He contended that he was entitled to three past participation points as the partner of McClintock, not one point as a crewman. He pointed out that McClintock only provided the boat and that he, Sublett, had provided the gear, motors, other equipment and footed all the expenses. Alternatively, Sublett claimed under 20 AAC 05.630(a)(5) that unavoidable circumstances prevented him from obtaining a gear license in his own name, and thus his level of past participation was not adequately reflected by the points he had been awarded.[3]

A hearing was held on February 5, 1976, at which Sublett was asked to substantiate his claim that unavoidable circumstances prevented him from participating as a gear license holder. The hearing officer recommended that Sublett's application be denied. In December 1976 the CFEC adopted the hearing officer's recommendation and denied Sublett's claims for additional past participation points.

Sublett requested reconsideration of the CFEC's decision. After a new hearing in December 1977, the CFEC again relied on the hearing officer's recommendations and denied Sublett's claims for additional past participation points based on his partnership status and unavoidable circumstances. Sublett's application was finally denied by the CFEC on January 26, 1978. He failed to appeal that decision.

In October 1984 the CFEC received a letter from Sublett in which he sought to reopen his application in light of our decisions in *Commercial Fisheries Entry Commission v. Byayuk*, 684 P.2d 114 (Alaska 1984) and *Commercial Fisheries Entry Commission. v. Templeton*, 598 P.2d 77 (Alaska 1979). He claimed he was entitled to income dependence points, gear investment points and past participation points.

In July 1985 the hearing officer advised Sublett that he was not entitled to past participation points, but was entitled to two

---

**1.** The purpose and history of the Limited Entry Act are explained in *Johns v. Commercial Fisheries Entry Commission*, 758 P.2d 1256 (Alaska 1988), *Commercial Fisheries Entry Commission v. Apokedak*, 606 P.2d 1255 (Alaska 1980), and *Isakson v. Rickey*, 550 P.2d 359 (Alaska 1976).

**2.** In order to be granted a permit 16 points were necessary.

**3.** 20 AAC 05.630(a) provides in part:
Past Participation. Up to a maximum of 20 points will be awarded an applicant for past participation in the fishery applied for based on the following schedule:

| (1) Year Fished as a Gear License Holder | | Consistency of Participation as a Gear License Holder (required minimum number of weeks fished as shown in (c)(1) of this section) |
|---|---|---|
| Year | Points | Points |
| 1972 | 3 | 2 |
| 1971 | 3 | 2 |
| 1970 | 2 | 1 |
| 1969 | 2 | 1 |

. . . .

(4) one point for each year of actual participation as a crewman from 1965 through 1972 in the fishery applied for; points for crewman participation and points for participation as a gear license holder may not be claimed in the same year;

additional alternative occupation points.[4] Additionally, Sublett was advised that he might be eligible for economic dependence points. Sublett then conceded that he was not entitled to economic dependence points, and he had already been awarded the maximum number of gear investment points. Sublett's request to reopen his application was denied in November 1985. The hearing officer observed that Sublett's claim for past participation points was the same claim finally adjudicated against him in 1978, and that without those points, he still did not have enough points for a permit.

Sublett petitioned the CFEC for administrative review of the hearing officer's refusal to reopen his application; the petition was denied on January 29, 1986. Sublett sought reconsideration; this was denied in March 1986.

Sublett appealed to the superior court. The superior court affirmed the CFEC. In affirming the CFEC the superior court concluded that Sublett's appeal was untimely because he was appealing the CFEC's original decision denying him past participation points. Sublett timely appealed to this court.

## II. DISCUSSION

Observing that Sublett was raising the same issue that had been finally adjudicated against him in 1978, the superior court dismissed Sublett's appeal as untimely. Sublett argues that the court erred in concluding that his appeal was untimely.

Initially Sublett argues that he is appealing the CFEC's decision not to reopen his application. The CFEC denied Sublett's request to reopen his application in January 1986 and denied his petition for reconsideration in March 1986. He then timely appealed to the superior court. However, as the hearing officer stated, this was the same claim finally adjudicated against him in 1978. Principles of *res judicata* and collateral estoppel preclude collateral attack of a final agency decision made in an adjudicatory hearing.[5] *Jeffries v. Glacier State Tel. Co.*, 604 P.2d 4, 8–9 (Alaska 1979) (citations omitted). Because Sublett's claim for past participation points was precluded, his application did not raise substantial and material issues. Thus, no further consideration of the application was required. *Cf. Estate of Miner v. Commercial Fisheries Entry Comm'n*, 635 P.2d 827, 834 (Alaska 1981) (no hearing necessary in absence of substantial and material issues crucial to the determination).

Sublett also seems to argue that the instant appeal is a timely appeal of the CFEC's 1978 decision denying Sublett a permit. He failed to appeal that decision within the limits prescribed in Appellate Rule 602. Alaska R.App.P. 602(a)(2).[6] Sublett argues that this court's decisions in *Templeton* and *Byayuk*, which created a new legal theory on which to proceed, breathed new life into his case. He argues that in 1978 he could not anticipate that

---

(5) if unavoidable circumstances exist such that an applicant's past participation in the fishery is not realistically reflected by points awarded for past participation for the years 1960 through 1972, the commission may award an applicant up to a maximum of 16 points upon a special showing of past participation during the years 1960 through 1972;

(6) to receive credit for past participation as a gear license holder, an applicant must have harvested the resource commercially while participating as a gear license holder in a given year.

4. Sublett was entitled to two additional alternative occupation points based on this court's decision in *Deubelbeiss v. Commercial Fisheries Entry Commission*, 689 P.2d 487 (Alaska 1984). Thus, he would have 14 points; two points less than required for a permit.

5. Sublett cites *Moore v. Commercial Fisheries Entry Commission*, 688 P.2d 582 (Alaska 1984), for the proposition that a thorough review by an

administrative agency is a judicially reviewable final determination. He reasons that the CFEC thoroughly reviewed his application in order to determine that he fell within its partnership policy. Thus, he concludes this appeal is timely.

Sublett's reliance on *Moore* is misplaced. Clearly, *Moore* does not stand for the proposition that a thorough review of an agency decision revives an otherwise stale claim. *Moore*, 688 P.2d at 585, n. 4. As discussed above, Sublett is precluded from attacking the CFEC's 1978 decision, and the CFEC did not abuse its discretion in refusing to reopen his application.

6. Alaska Rule of Appellate Procedure 602(a)(2) states in part: "The time within which an appeal may be taken to the superior court from an administrative agency shall be 30 days from the date the order appealed from is mailed or delivered to the appellant." Alaska R.App.P. 602(a)(2).

this court would decide *Templeton* and *Byayuk* the way it did and that he should not suffer for failing to make the argument accepted in those cases. Sublett's argument is without merit. Like Templeton and Byayuk, Sublett could have presented his argument in a timely appeal. Further, the rationale of *Templeton* and *Byayuk* was, in any case, limited to claims for economic dependence points by partners of gear license holders. *See Application of Bozho Deranja,* CFEC File No. 75–211 (December 1984).[7]

Sublett's other arguments are similarly without merit. Dismissal of his appeal does not necessarily leave a major policy decision of the CFEC unreviewed. We have indirectly approved of the differential treatment of partners in this context.[8] *Cf. Commercial Fisheries Entry Comm'n v. Apokedak,* 680 P.2d 486, 488 (Alaska 1984) (partner of gear license holder not entitled to apply for limited entry permit, classification "gear license holder" does not include partner of gear license holder).

A recent superior court decision holding that the CFEC's partnership policy resulted in differential treatment of partners, thereby violating AS 16.43.010(a),[9] has no bearing on Sublett's case. *Deranja v. Commercial Fisheries Entry Comm'n,* No. 1 JU–80–574 Ci. (Alaska Super., May 16, 1988). As a result of the CFEC's failure to appeal this decision, Deranja is treated differently from others similarly situated. However, when a trial court decision is not appealed, there is a possibility that similar-

ly situated persons will be treated differently. This is not a valid basis for reviving a stale appeal.

### III. CONCLUSION

Based on the above we conclude that Sublett's appeal is untimely.[10] Therefore, the decision of the superior court is AFFIRMED.

---

**7.** The CFEC decided in December 1984 not to extend the rationale of *Templeton* and *Byayuk* to claims for past participation points by partners of gear license holders. Sublett was not newly aggrieved when this decision was applied to his request to reopen his application.

**8.** Sublett maintains that if his appeal is untimely, then no appeal on this issue will be timely because the application deadline was 1975. The state maintains that timely appeal of this issue is likely as a result of the settlement in *Wassillie v. Commercial Fisheries Entry Commission,* 3AN–75–506 (Alaska Super., 3d dist., Ci. Anchorage, May 4, 1988). Neither party points to any evidence supporting its position. Their speculation merits no response.

**9.** AS 16.43.010(a) mandates that entry into commercial fisheries be regulated without unjust discrimination.

**10.** Sublett also cites Alaska Rule of Appellate Procedure 521 for the proposition that the 30–day appeal period can be relaxed. The 30–day period can be relaxed "where 'a strict adherence to [the rules] will work a surprise or injustice.'" *Anderson v. Commercial Fisheries Entry Comm'n,* 654 P.2d 1320, 1322 (Alaska 1982) (citations omitted). Relaxation of the rules is within the trial court's discretion. *Id.* In this case we do not believe the trial court abused its discretion. This is not a case where the agency confused Sublett as to the appeal process. *Anderson,* 654 P.2d at 1322 (citing *McCarrey v. Commissioner of Natural Resources,* 526 P.2d 1353, 1355 (Alaska 1974)).