**ALASKA COMMERCIAL FISHERIES ENTRY COMMISSION, State of Alaska, Bruce Twomley, Rich Listowski, Phil Smith, Commissioners, Appellants,**

v.

**Salvatore RUSSO, Appellee.**

**No. S–4408.**

Supreme Court of Alaska.

June 5, 1992.

John T. Baker, Asst. Atty. Gen., Anchorage, Charles E. Cole, Atty. Gen., Juneau, for appellants.

James F. Vollintine, Anchorage, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

OPINION

MATTHEWS, Justice.

Salvatore Russo, a long-time participant in the Bristol Bay Red Salmon Fishery, applied for and was denied a Bristol Bay Drift Gill Net Entry Permit. The Commercial Fisheries Entry Commission (CFEC) found that Russo was entitled to only thirteen points under applicable regulations. Seventeen were necessary for a permit. Russo appealed the CFEC's decision to the superior court which found that Russo was entitled to receive past participation points under the unavoidable circumstances clause of 20 Alaska Administrative Code (AAC) 05.630(5). The court reasoned that because Russo was a partner of a gear license holder, it was arbitrary and unjustly discriminatory not to treat him as a gear license holder. The CFEC appeals this decision. We reverse.

Russo has fished in Bristol Bay since 1947. Initially he was a partner with his older brother Anthony in whose name the annual gear license was issued. In 1962 Anthony retired and sold his half interest in the Russos' boat to a nephew, Horace. Horace and Russo were equal partners. Russo held the gear license in 1962, 1963, and 1964. Horace was the gear license

holder from 1965 through 1972. The partners relied on the cannery which purchased their fish to file the license renewal paperwork. The cannery chose to name Horace as the license holder because it dealt with him in various business matters.

█ This case involves past participation points under 20 AAC 05.630(a).[1] Under this regulation, a crewmember, that is, a fisherman who is not a gear license holder, can earn only eight participation points unless he is entitled to unavoidable circumstance points under part (a)(5). 20 AAC 05.630(a)(4).

Russo argues that he is entitled to sixteen points under the unavoidable circumstances clause because it was fortuitous that he was not named as the gear license holder while his nephew was. The CFEC, on the other hand, argues that the term "unavoidable circumstances" has been generally applied to allow licensed applicants to obtain additional past participation points for years when circumstances beyond their control prevented them from fishing. It has not been applied to cases like Russo's where an equal partner who was not a gear license holder sought additional past participation points. In such cases, the CFEC contends, business decisions, not random external forces that would amount to unavoidable circum-

stances, are responsible for the non-licensee status of the applicant.

Relying on *Commercial Fisheries Entry Commission v. Templeton,* 598 P.2d 77 (Alaska 1979), the trial court held that the CFEC had too narrowly construed 630(a)(5). Russo should have been considered for unavoidable circumstances past participation points and not doing so resulted in "arbitrarily distinguishing between named gear licensees and their equal partners in the award of past participation points," a violation of the equal protection clause of the Fourteenth Amendment of the United States Constitution and the equal rights clause of the Alaska Constitution.

*Templeton* involved income dependence points under 20 AAC 05.630(b)(2) which provides:

[I]f special circumstances exist such that an applicant's income dependence is not realistically reflected by his income dependence percentage for the years 1971 and 1972, the commission may award an applicant up to a maximum of 10 points based on a special showing of income dependence[.]

Templeton was in partnership with his brother from 1969 to 1974. During the years 1971 and 1972, his brother was the named licensee. The CFEC denied Templeton income dependence points under the

---

1.  20 AAC 05.630(a) provides:

    Past Participation. Up to a maximum of 20 points will be awarded an applicant for past participation in the fishery applied for based on the following schedule:

    (1)

    | Year Fished as a Gear License Holder | | Consistency of Participation as a Gear License Holder (required minimum number of weeks fished is shown in (c)(1) of this section) |
    | --- | --- | --- |
    | **Year** | **Points** | **Points** |
    | 1972 | 3 | 2 |
    | 1971 | 3 | 2 |
    | 1970 | 2 | 1 |
    | 1969 | 2 | 1 |

    (2) one point for each additional year of actual participation as a gear license holder in the fishery applied for from 1965 through 1968;

    (3) one point for each additional year of actual participation as a gear license holder in

the fishery applied for from 1960 through 1964, provided the applicant participated as a gear license holder in the fishery applied for during at least one year from 1965 through 1972;

(4) one point for each year of actual participation as a crewman from 1965 through 1972 in the fishery applied for; points for crewman participation and points for participation as a gear license holder may not be claimed in the same year;

(5) if unavoidable circumstances exist such that an applicant's past participation in the fishery is not realistically reflected by points awarded for past participation for the years 1960 through 1972, the commission may award an applicant up to a maximum of 16 points upon a special showing of past participation during the years 1960 through 1972;

(6) to receive credit for past participation as a gear license holder, an applicant must have harvested the resource commercially while participating as a gear license holder in a given year.

special circumstances provision because Templeton lacked a gear license for those years. On appeal the superior court reversed. We affirmed the decision of the superior court on the grounds that it would be unjust discrimination to bar Templeton from eligibility for income dependence points "solely on the fortuitous circumstances of which one [of the two partners] held the gear license in two given years...." *Templeton*, 598 P.2d at 81.

In *Commercial Fisheries Entry Commission v. Apokedak*, 606 P.2d 1255 (Alaska 1980) and 680 P.2d 486 (Alaska 1984), we declined to extend the unjust discrimination rationale of *Templeton*. At issue was the statutory requirement that entry permit applicants must have fished as gear license holders before a given qualification date. Apokedak had been an equal partner in a fishing venture before the qualification date but he had never held a gear license. In the first *Apokedak* decision we held that the requirement that applicants be holders of gear licenses does not violate the equal protection clause of the Fourteenth Amendment to the United States Constitution or the equal protection provisions of Article I, section 1 of the Alaska Constitution. *Apokedak I*, 606 P.2d at 1264–68. We remanded the case for the lower court to consider Apokedak's contention that he was in fact a holder of a gear license because he was an equal partner with a gear licensee before the qualification date. The superior court, finding Apokedak's case to be essentially the same as that of *Templeton*, concluded that it would be unfair discrimination to not treat Apokedak as a gear licensee. *Apokedak II*, 680 P.2d at 486, 487 n. 2. On appeal we reversed, holding that only named holders of gear licenses were license holders within the meaning of the applicable statute and that it was not unjustly discriminatory to deny entry permits to partners who were not named licensees. *Id.* at 488.

We revisited the subject of how far to extend the *Templeton* rationale in *Sublett v. Commercial Fisheries Entry Commission*, 773 P.2d 952 (Alaska 1989). Sublett sought past participation points for a year in which he was a partner of a gear license holder. He claimed unavoidable circumstance points under 20 AAC 05.630(a)(5). This claim was denied by the CFEC and no timely appeal was taken. However, Sublett sought to reopen his case following our decision in *Commercial Fisheries Entry Commission v. Byayuk*, 684 P.2d 114 (Alaska 1984), which applied *Templeton* retroactively to non-gear licensee partners seeking income dependence points. The CFEC refused to extend *Templeton* to Sublett's claim for past participation points. On appeal, we agreed with the CFEC and specifically limited *Templeton* to claims for income dependence points:

> [T]he rationale of *Templeton* and *Byayuk* was, in any case, limited to claims for economic dependence points by partners of gear license holders....
>
> ... We have indirectly approved of the differential treatment of partners in this context. *Cf. Commercial Fisheries Entry Comm'n v. Apokedak*, 680 P.2d 486, 488 (Alaska 1984) (partner of gear license holder not entitled to apply for limited entry permit, classification "gear license holder" does not include partner of gear license holder).

*Sublett*, 773 P.2d at 955 (footnote omitted).

*Templeton* has been limited by *Apokedak* and *Sublett* to cases involving income dependence points. *Templeton* does not apply to equal protection claims or to claims for past participation points and the trial court's decision was therefore erroneous.

■ There is a textual difference between the "special circumstances" clause, 630(b)(2), applicable to income dependence points and the "unavoidable circumstances" clause, 630(a)(5), applicable to past participation points. We noted in *Rose v. Commercial Fisheries Entry Commission* that "special" implies a broader set of circumstances than "unavoidable." *Rose*, 647 P.2d 154, 162 (Alaska 1982). The history of the unavoidable circumstances clause indicates that it requires both uniqueness and unavoidability. *Rose*, 647 P.2d 154, 162 (Alaska 1982). The CFEC's interpretation of "unavoidable circumstances," which re-

sults in limiting application of the clause to cases where fishermen are prevented from fishing by circumstances beyond their control, is supported by this distinction. While the cases of non-licensee partners may be relatively unique, thus justifying a finding of special circumstances, they were not brought about by uncontrollable external forces, thus justifying the CFEC's refusal to find unavoidable circumstances.

We conclude, for the reasons set forth above, that no grounds were presented for reversing the decision of the CFEC, and that the decision of the superior court must be reversed.

REVERSED and REMANDED.