The ESTATE OF Vasily A. BASARGIN, Appellant,

v.

STATE of Alaska, COMMERCIAL FISHERIES ENTRY COMMISSION, Appellee.

No. S–9786.

Supreme Court of Alaska.

Sept. 28, 2001.

---

C. Michael Hough, Homer, for Appellant. Sabrina E.L. Fernandez, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

EASTAUGH, Justice.

The estate of Vasily Basargin, an applicant for a commercial fisheries entry permit for the Prince William Sound gillnet fishery, claims that the Alaska Commercial Fisheries Entry Commission (CFEC) erroneously calculated his points. The estate argues that the CFEC erred by failing to grant him additional points for "unavoidable circumstances," for vessel and gear investment, and for income dependence. The estate also argues that Basargin was not given a meaningful hearing opportunity.

We reject each of these arguments for the reasons discussed in Superior Court Judge Harold M. Brown's decision which affirmed the administrative decision of the CFEC.

In our view, Basargin was given a meaningful hearing opportunity to present evidence on the applicable issues in dispute. We conclude that Basargin's English language limitations and the cultural barriers he experienced as a member of an Old Believer

Russian Orthodox community did not entitle him to "unavoidable circumstances" points. We also conclude that even if the additional points Basargin sought for vessel and gear investment had been awarded him, he would not have had the eighteen points necessary to be eligible for a permit. We therefore conclude that any possible error in calculating points for this point category is harmless. Finally, we conclude that substantial evidence supports the CFEC's determination that Basargin was not entitled to income dependence points for 1971 with respect to this permit application. Our reasons for reaching these conclusions are well expressed by the superior court's decision.

We AFFIRM. We attach Judge Brown's decision as an appendix and incorporate it by reference.

### APPENDIX *

### IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

### THIRD JUDICIAL DISTRICT AT KENAI

THE ESTATE OF VASILY A. BASARGIN,

Appellant,

v.

STATE OF ALASKA, COMMERCIAL FISHERIES ENTRY COMMISSION,

Appellee.

Case No. 3HO–98–212 CI.

### MEMORANDUM DECISION AND ORDER

This appeal arises out of the Commercial Fisheries Entry Commission's (CFEC) denial of a limited entry permit for the Prince William Sound salmon drift gillnet fishery to the estate of Vasily A. Basargin (Vasily Basargin and his estate are hereinafter collectively referred to as Basargin). The court affirms the CFEC's decision.

* We have edited the superior court's decision to

### BACKGROUND

Basargin applied for a Prince William Sound drift gillnet entry permit on March 7, 1977. Basargin's application was governed by regulations adopted in 1974 that rank individual applicants on a point system according to their relative dependence on the fishery as of the January 1, 1973 qualification date. Eighteen points are necessary for the issuance of a permit.

Basargin originally claimed 22 points on his application: 1 point for crew participation in 1972; 6 points for ownership of a vessel; 4 points for availability of alternative occupations; 3 points for active participation as a gear license holder in 1972; and 6 points for 1972 income dependence. On April 18, 1977, the CFEC staff classified Basargin's application with 3 points: 1 point for 1972 crew participation, and 2 points for availability of alternative occupations.

Basargin requested and was granted an administrative hearing on September 13, 1977. Basargin appeared at the hearing with counsel. A deadline of December 13, 1977, was set for the presentation of further evidence in support of Basargin's claims. Some further evidence was presented to the CFEC on December 12, 1977, but a request for an extension of the deadline so that further evidence could be entered was denied.

On November 10, 1982, the CFEC hearing officer issued his decision recommending denial of Basargin's application. In addition to the 3 points initially awarded to Basargin, the hearing officer awarded 6 points for income dependence in 1972 and 4 points for investment in a vessel. The officer rejected Basargin's claims for 1972 active and consistent participation and his claim for 1971 income dependence. This left Basargin with only 13 of the 18 points necessary for issuance of a permit.

Basargin then requested an oral presentation before the commissioners, as well as a request to present additional evidence. Although the CFEC declined to hear additional evidence on certain issues that it determined were not relevant, it did agree to hear additional evidence regarding Basargin's owner-

conform to our technical rules.

ship of vessels and gear and his 1972 participation claims.

The CFEC conducted the oral presentation on March 23, 1984. Present were Basargin, his attorney, and his son, Faddey. Because required commission members were not present at this presentation, a second presentation was conducted on October 10, 1984.

Due to heavy caseload and other concerns beyond the scope of this appeal, the CFEC did not issue its final commission decision on administrative appeal until August 3, 1998. That decision awarded an additional 2 points for availability of alternative occupations, but reduced to 3 points Basargin's award for vessel and gear ownership. Thus, Basargin currently has been awarded 14 of the 18 points necessary for issuance of a permit.

Basargin requested reconsideration of the CFEC's final decision, but reconsideration was denied. This timely appeal followed.

### ASSIGNMENTS OF ERROR

■ Basargin's statement of points on appeal lists multiple assignments of error, but the court will only consider on appeal those points that are actually argued in an appellant's brief. *See Johnson v. Johnson,* 836 P.2d 930 (Alaska 1992). Thus, for purposes of this appeal, Basargin has assigned as error that (1) the CFEC denied Basargin meaningful hearings; (2) the CFEC improperly denied Basargin points on his participation claim; (3) the CFEC improperly denied Basargin points on his vessel and gear claims; and (4) the CFEC improperly denied Basargin points on his economic dependence claims.

### STANDARD OF REVIEW

■ The superior court applies four principal standards of review in administrative appeals: The "substantial evidence" test is used for questions of fact. The "reasonable basis" test is used for questions of law involving agency expertise. The "substitution of judgment" test is used for questions of law where no expertise is involved. The "reasonable and not arbitrary" test is used

for review of administrative regulations. *Romann v. State, Dept. of Transp. and Public Facilities,* 991 P.2d 186 (Alaska 1999).

### DISCUSSION

1. *Due Process*

■ Basargin argues that he has been denied due process of law because he was denied a meaningful opportunity to be heard on the matter of the issuance of the limited entry permit. *See Keyes v. Humana Hosp. Alaska, Inc.,* 750 P.2d 343 (Alaska 1988). The CFEC responds that Basargin had three separate opportunities to be heard on the matter, and that these opportunities satisfied the requirements of due process. The court reviews this constitutional question under the "substitution of judgment" standard.

The thrust of Basargin's argument regarding due process is that the three hearings afforded him did not provide a "meaningful" opportunity to be heard because the definitions underlying the adjudication of his application changed significantly during its pendency. The court finds Basargin's arguments unpersuasive. While doubtless Basargin would have preferred an opportunity to fine tune his argument to each new nuance announced by the Alaska Supreme Court in this area, he presents no authority for the proposition that he is entitled to such an opportunity as a matter of due process.

The facts at issue in this application have remained constant since the date of Basargin's original application: the extent and circumstances of Basargin's participation in the Prince William Sound drift gillnet fishery prior to 1973, his ownership of vessels and gear, his economic dependence on the fishery, and the availability of alternative employment opportunities. Basargin was given ample opportunity to present evidence and argument regarding these facts in 1978, and again in 1984.

Basargin's reliance on *Forquer v. State, Commercial Fisheries Entry Comm'n,* 677 P.2d 1236 (Alaska 1984), is misplaced. The fishermen in *Forquer* applied for permits and were denied. The fishermen then submitted additional evidence, but were denied again without a hearing. The supreme court held that the fishermen were entitled to a hearing

under AS 16.43.260(c). The hearing that the supreme court found necessary for the *Forquer* fishermen was the very hearing that Basargin had in 1978. *Forquer* provides no support for Basargin's argument that an additional hearing is required upon evolution of the relevant case law, or because an applicant desires to submit additional evidence after having had the initial opportunity to do so.

Basargin was provided with ample opportunity to be heard in this case, and his arguments that he was denied due process of law are without merit.

### 2. *Specific Point Disallowances*

■ Basargin next argues that the CFEC wrongfully denied him points for participation in the fishery, for ownership of vessels and gear, and for income dependence on the fishery. Basargin's challenges to these point determinations are matters of fact, and thus the court reviews the determinations of the CFEC on a "substantial evidence" standard. Thus, the court will uphold the CFEC findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Commercial Fisheries Entry Comm'n, State of Alaska v. Baxter*, 806 P.2d 1373, 1374 (Alaska 1991).

#### a. *Participation*

■ Basargin was awarded 1 point for participation in the Prince William Sound fishery as a crew member in 1972. He argues that, as an equal partner with a gear license holder for that year (his son Faddey), he is entitled to additional participation points due to "unavoidable circumstances" under 20 AAC 05.630(a)(5). The CFEC argues that Basargin is ineligible for any points (other than crew participation points) under 20 AAC 05.630(a) because he was not a gear license holder for those years, and that the "unavoidable circumstances" exception does not operate to allow Basargin points for his partnership status.

Basargin argues that his case should be remanded so that he can make a showing that unavoidable circumstances led to Faddey, rather than himself, holding the gear license for Prince William Sound in 1972. Assuming he could make this showing, he argues that he would be entitled to claim participation points based on gear holder status under 20 AAC 05.630(a)(1). However, as explained in *Alaska Commercial Fisheries Entry Comm'n v. Russo*, 833 P.2d 7 (Alaska 1992), only actual gear license holders are entitled to participation points under 20 AAC 05.630(a)(1), and non-license holders cannot obtain license holder status for purposes of participation points by claiming that their partnership with a license holder amounts to "unavoidable circumstances."

Basargin also appears to be arguing that the "unavoidable circumstances" exception of 20 AAC 05.630(a)(5) is not limited to gear license holders, but instead applies to anyone who can show that his or her past participation in the fishery is not accurately reflected by the points otherwise awarded. Again, he argues that he should be allowed to present evidence on remand to support this argument.

As noted above, Basargin had ample opportunity to present his case to the CFEC. If unavoidable circumstances were indeed present such that 1 point for crew participation in 1972 did not accurately reflect Basargin's past participation in the fishery, the existence and relevance of those circumstances were known to Basargin by the time of his hearings before the CFEC. There is no indication that he presented any such evidence to the CFEC, and he is not entitled to present it now.

Substantial evidence supports an award of one point for Basargin's past participation as a crewman in the Prince William Sound fishery. Accordingly, Basargin's arguments on this point are without merit.

#### b. *Income dependence*

■ Basargin was awarded 6 points for income dependence in 1972. He argues that his partnership with a gear license holder constitutes "special circumstances" under 20 AAC 05.630(b)(2), and that he should be allowed to present evidence that, he argues, would entitle him to up to an additional 4

points. The CFEC responds that this partnership status was already taken into account in awarding Basargin the maximum of 6 points for income dependence in the 1972 fishery.

The court agrees with the CFEC that neither additional points nor a remand for additional hearing is necessary in this matter. As Basargin points out, the supreme court has interpreted "special circumstances" under 20 AAC 05.630(b)(2) to be broader than the "unavoidable circumstances" under 20 AAC 05.630(a)(5). *See Russo,* 833 P.2d at 9–10. However, the CFEC already took Basargin's circumstances into account in awarding him 6 points for economic dependence.

As with evidence of the circumstances of Basargin's participation in the fishery, Basargin was on notice of the existence and relevance of any special circumstances that might have existed regarding his income dependence. Despite this notice, the evidence presented to the CFEC by Basargin indicated that he had not fished Prince William Sound at all prior to 1972, and had fished in 1972 as a partner with a gear license holder.

Assuming for purposes of this discussion that Basargin is correct in interpreting 20 AAC 05.630(b)(2) as requiring consideration of an applicant's overall circumstances without regards to the stated maximum points for 1971 and 1972, Basargin has not presented such evidence of overall circumstances. Instead, he has presented evidence, presumably accurate, that provides substantial evidence for the CFEC's award of 6 points for dependence on the Prince William Sound fishery. Accordingly, his argument regarding economic dependence is without merit.

c. *Vessel and gear*

Finally, Basargin argues that he is entitled to the maximum of 6 points for his ownership interests in vessels and gear. As he has already been awarded 3 points for vessel and gear ownership, he could gain an additional 3 points if he were to prevail on this point. Thus, at most, Basargin would end up with 17 points out of the 18 necessary for issuance of a permit.

Because Basargin cannot obtain the points necessary for issuance of a permit, his arguments regarding ownership are moot. The court declines to address those arguments at this time.

*CONCLUSION*

The court finds that Basargin received due process in consideration of his application for a Prince William Sound drift gillnet permit, and further finds that substantial evidence supported the CFEC's factual findings. Based on these factual findings, Basargin has not demonstrated that he is entitled to a permit. This court hereby AFFIRMS the CFEC's denial of Basargin's application for such a permit.

DATED at Kenai, Alaska, this 26th day of June, 2000.

/s/ _____
HAROLD M. BROWN
Superior Court Judge