**COMMERCIAL FISHERIES ENTRY COMMISSION, STATE OF ALASKA, Appellant,**

v.

**Randy BAXTER, Appellee.**

**No. S–3346.**

Supreme Court of Alaska.

March 15, 1991.

---

Larri Irene Spengler, Asst. Atty. Gen., Douglas B. Baily, Atty. Gen., Juneau, for appellant.

Daniel G. Bruce, Baxter, Bruce, Brand & Rodriguez, Juneau, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

BURKE, Justice.

Between October 1979 and February 1988, the Commercial Fisheries Entry Commission ("CFEC") conducted several reviews of appellee Randy Baxter's application for a limited entry permit to the Southeastern herring gill-net fishery. The CFEC required an applicant to qualify for ten "points" to receive a permit and for seven points to keep an application pending before the CFEC. The CFEC issued a final decision on February 23, 1988, granting Mr. Baxter only five points; accordingly, the CFEC denied Mr. Baxter's application. The CFEC expressly rejected Baxter's claim of two points for having owned a particular skiff that he used in the fishery in 1977 and 1978.

Mr. Baxter successfully appealed to the superior court the CFEC's denial of the two points for vessel ownership and use. The CFEC has appealed the superior court decision.

We review the CFEC's final decision directly, under the "substantial evidence" standard, without deference to the superior court's decision. *See Tesoro Alaska Petroleum Co. v. Kenai Pipe Line Co.*, 746 P.2d 896, 903 (Alaska 1987). We will uphold the CFEC findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Keiner v. City of Anchorage*, 378 P.2d 406, 411 (Alaska 1963).

Regulations provide that ownership of a vessel "used or to be used" in the Southeastern herring gill-net fishery may qualify an applicant for one point when ownership existed on May 5, 1977, and for one point when ownership existed on December 31, 1977. 20 Alaska Administrative Code (AAC) 05.668(b)(1)(A) (1/10/86). The applicant bears the burden of establishing qualification for all claimed points. 20 AAC 05.520(a). The CFEC found that Mr. Baxter had not established his qualification for the two points for vessel ownership and use. Rather, the CFEC "infer[red] that the applicant did not use the vessel as claimed in Alaska and did not intend to do so."

The CFEC based its decision on numerous items of circumstantial evidence, among them the following: records showing that Whatcom County, Washington, assessed against Mr. Baxter personal property taxes on the skiff during the years in question; Mr. Baxter's U.S. Coast Guard registration of the skiff showing an expira-

tion date prior to the dates he claimed to have used the skiff in the fishery; and Alaska state records showing that, despite the statutory requirement to the contrary and the possible stiff penalties for violation of the requirement, *see* AS 16.05.190; AS 16.05.490, no skiff matching the description of Baxter's vessel was ever licensed in the Southeastern fishery. This circumstantial evidence tended both to undercut Mr. Baxter's credibility and to prove, albeit indirectly, that he had not used his skiff in the fishery during the relevant years.

The CFEC considered additional evidence that tended to impeach the credibility of Mr. Baxter's testimony. For example, Mr. Baxter's testimony concerning his 1976 use of a second, leased vessel conflicted with an Alaska Department of Fish & Game "fish ticket," which attributed Mr. Baxter's catch to yet a third vessel—Mr. Baxter's 34–foot boat, the *Windbreaker*. Also, although Mr. Baxter offered corroboration in support of his other claims, he offered no corroboration in support of his claim that he used his skiff in the fishery in 1977 and 1978.

It is well settled that substantial evidence to support an administrative agency's finding of fact may take the form of circumstantial evidence or indirect proof. *E.g., Carter–Wallace, Inc. v. Gardner*, 417 F.2d 1086, 1093 (4th Cir.1969), *cert. denied*, 398 U.S. 938, 90 S.Ct. 1842, 26 L.Ed.2d 271 (1970); *Markosky v. Mathews*, 435 F.Supp. 374, 380 (E.D.Pa.1977). In our opinion, a reasonable mind could accept the sum of the circumstantial evidence before the CFEC in this case as adequate support for the conclusion that Mr. Baxter did not use the skiff in the Southeastern fishery during the relevant period. A reasonable mind also could accept this evidence as adequate support for the conclusion that Mr. Baxter did not own the skiff for the purpose of using it in the fishery during that period.

We disagree with Mr. Baxter's assertion that no evidence directly discredited or contradicted his testimony and that therefore the CFEC erred in rejecting his version of events. As noted above, the CFEC did consider evidence tending to impeach or discredit Mr. Baxter's testimony. Moreover, this court previously has explained that "[t]he trier of fact need not accept the uncontradicted testimony of a witness who appears before it." *Innes v. Beauchene*, 370 P.2d 174, 177 (Alaska 1962). On the contrary, the trier of fact has the benefit of observing witness demeanor, and that demeanor alone may convince the trier of fact that the witness has not testified truthfully. *Id.* Skeptical examination of uncontradicted testimony is particularly appropriate when, as here, the witness has an interest in the outcome of the case. *Id.*

We need not address the CFEC's alternative ruling that Mr. Baxter's failure to register his skiff in the State of Alaska in and of itself provides a basis for denying him points for ownership and use. Rather, we hold only that substantial evidence supports the CFEC's decision to deny Mr. Baxter two points for ownership and use of his skiff in the Southeastern herring gill-net fishery during the relevant period. On the basis of that finding, we order the superior court decision VACATED, and the CFEC final decision REINSTATED in part.