**KODIAK ISLAND BOROUGH,**
Appellant,

v.

**STATE of Alaska, DEPARTMENT OF LABOR, LABOR RELATIONS AGENCY; and the International Brotherhood of Electrical Workers, Local 1547, Appellees.**

No. S–4891.

Supreme Court of Alaska.

June 4, 1993.

Paul H. Cragan, Hughes, Thorsness, Gantz, Powell & Brundin, Fairbanks, for appellant.

Toby N. Steinberger, Asst. Atty. Gen., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for State, Dept. of Labor, Labor Relations Agency and William F. Morse, Associate Gen. Counsel, IBEW Local Union 1547, for Broth. of Elec. Workers, Local 1547, Appellees.

Before MOORE, C.J., and RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

COMPTON, Justice.

This case arises out of the Department of Labor, Labor Relations Agency's (DOL) ruling that the Kodiak Island Borough's (Borough) 1980 resolution opting out of the Public Employment Relations Act (PERA)

AS 23.40.070–.260 was invalid. On appeal to the superior court, Judge Karen Hunt affirmed the DOL ruling. The Borough appeals. We affirm.

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

The material facts are not disputed. In June 1972 the State of Alaska enacted PERA. PERA confers upon public employees the right to organize and to bargain collectively with their employers. However, Section 4 of PERA also permits the legislative body of any political subdivision of the state to reject PERA, preventing its application to the public employees of that subdivision. Section 4 reads:

This Act is applicable to organized boroughs and political subdivisions of the state, home rule or otherwise, unless the legislative body of the political subdivision, by ordinance or resolution, rejects having its provisions apply.

Ch. 113, § 4, SLA 1972. PERA became effective on September 5, 1972.

In 1977 the Borough enacted personnel rules and regulations governing relations with its employees. These rules do not require the Borough to recognize an employees' union nor do the rules expressly reject PERA. In 1979 Kodiak Island Borough Employees' Association (KIBEA) submitted a petition to DOL requesting that KIBEA be recognized as the bargaining representative for the Borough's general government employees. KIBEA later withdrew its petition for certification in favor of a petition submitted by the Alaska Public Employees Association (APEA).

After becoming aware of this organizing activity, the Borough enacted Resolution No. 79–5–R, rejecting the application of PERA. DOL concluded that the Borough had not validly opted out of PERA. It sought to conduct a representation election under PERA. The Borough refused to allow the election to proceed. As a result DOL filed a lawsuit against the Borough in superior court.

The superior court granted DOL's motion for summary judgment, holding that the Borough had not validly opted out of

PERA. DOL then held the certification election. APEA did not secure the requisite number of votes to be certified by DOL as the bargaining representative for the Borough employees.

On January 22, 1980, twelve days after DOL announced the results of the election, the Borough again attempted to reject PERA by adopting Resolution No. 80–5–R. The 1980 resolution is identical to the 1979 resolution:

Resolution No. 80–5–R, exempting Kodiak Island Borough from the Alaska Public Employment Act, Whereas, the assembly believes that the public interest is best served by administration of borough employee relations at the local level, and Whereas, the State Public Employee Relations Act applies to municipalities unless the governing body rejects application of its provisions; Now, therefore, the Kodiak Island Borough Assembly resolves: Pursuant to Section 4, Chapter 113 SLA 1972, the Kodiak Island Borough rejects application of Section 2, Chapter 113, [SLA] 1972, codified as AS 23.40.070 *et. seq.*, and commonly known as the Alaska Public Employment Relations Act.

In 1989 Borough employees again attempted to organize. The International Brotherhood of Electrical Workers, Local Union 1547 (IBEW), filed a petition with DOL to be recognized as the exclusive bargaining agent for the Borough employees. The Borough objected to the petition, claiming that it had "opted out" of PERA by its 1980 resolution. IBEW asserted that the 1980 opt out resolution was not valid and that DOL had proper jurisdiction.

DOL held a hearing on IBEW's petition for certification and the Borough's objections. DOL ruled that the Borough did not validly opt out of PERA in 1980. The Borough appealed this ruling to the superior court pursuant to AS 22.10.020(d) and Appellate Rule 602(a). The superior court affirmed DOL's decision. It held the 1980 resolution was untimely, since the Borough enacted the resolution after it was aware

of organizational activities of its employees.

## II. STANDARD OF REVIEW

▆ The superior court was sitting as an intermediate appellate court. Accordingly, its decision is not entitled to deference. *Tesoro Alaska Petroleum Co. v. Kenai Pipe Line Co.,* 746 P.2d 896, 903 (Alaska 1987). DOL held a formal adjudicatory hearing before a neutral hearing officer. Both parties were represented by counsel, examined and cross-examined witnesses and introduced evidence. The hearing officer rendered formal findings of fact and conclusions of law, which were adopted by DOL as its decision. As to questions of law which do not involve agency expertise we apply the substitution of judgment standard of review. *Union Oil Co. of California v. State,* 804 P.2d 62, 64 (Alaska 1990). The primary task in this case is to construe two seemingly inconsistent sections of the same statutory scheme. The interpretation of this statute is a question of law to which we will apply our independent judgment.

▆ To the extent that facts are necessary to the determination of the legal question, we will adopt DOL's findings of fact if they are supported by substantial evidence. *Commercial Fisheries Entry Comm'n v. Baxter,* 806 P.2d 1373, 1374 (Alaska 1991).

## III. DISCUSSION

### KODIAK ISLAND BOROUGH'S RESOLUTION EXEMPTING THE BOROUGH FROM THE PUBLIC EMPLOYMENT RELATIONS ACT IS NOT VALID

▆ The question presented by this case involves the interplay between the right of public employees to organize for the purpose of collective bargaining under PERA,[1] and the right of a political subdivision to exempt itself pursuant to section 4 of PERA. We previously examined these two provisions together in *State v. City of Petersburg,* 538 P.2d 263 (Alaska 1975). In *Petersburg,* the city's electrical workers signed cards authorizing IBEW to act as their collective bargaining representative. The city council then held a special meeting to exempt the city from the provisions of PERA. *Id.* at 264. At the time of this meeting the members of the city council were aware of employees' activities concerning the formation of a collective bargaining unit. *Id.*

In *Petersburg* we looked for the point beyond which the right of the city to reject PERA became subordinated to the rights of the employees to organize. We concluded that "the analysis must turn on both the substantiality of the organizational activities undertaken by the employees and the extent of the City's awareness of those activities." *Id.* at 267. The city's rejection of PERA after becoming aware of the organizational activities constituted "a gross and impermissible interference with the employees' freedom to choose which collective bargaining association should represent them.... [t]he City's prerogative to reject the Act is not to be used as a de facto veto against particular unions...." *Id.* We noted that the city had requested that the employees form their own union rather than join IBEW. *Id.* We concluded such maneuvering was an attempt to interfere with the employees' rights under PERA. *Id.*

In this case the Borough contends that DOL and the superior court erred by interpreting *Petersburg* too broadly. The Borough notes that section 4 expressly allows political subdivisions of the state to reject PERA. It argues that the *Petersburg* limitation on the employer's right to exempt itself should only apply to situations in which employee PERA rights are being interfered with by favoring one union over another. But, if the employer rejects

---

**1.** Alaska Statute 23.40.070 states in relevant part:

    *Declaration of policy....* The legislature declares that it is the public policy of the state to promote harmonious and cooperative relations between government and its employees and to protect the public by assuring effective and orderly operations of government. These policies are to be effectuated by

    (1) recognizing the right of public employees to organize for the purpose of collective bargaining.

PERA totally, refusing to deal with any union, section 4 applies.

The Borough thus argues that *Petersburg* should be read narrowly, prohibiting local government only from favoring one union over another. The Borough claims it engaged in no such favoritism. Rather, the Borough made the decision to avoid collective bargaining in order to manage its employment relations in a way that was beneficial and appropriate to the overall needs, abilities and resources of the community. Since the Borough did not interfere with any specific organizing efforts, it concludes that its election to reject PERA should be upheld.

DOL and IBEW argue that the *Petersburg* analysis should invalidate any rejection of PERA after employees have exercised their PERA rights. In 1979 Borough employees prevailed in a lawsuit which permitted them to exercise their PERA rights and to decide if a majority of the employees wanted to be represented by APEA. DOL and IBEW argue the Borough's attempt to reject PERA is invalid because it occurred after the employees exercised their PERA rights.

In *City & Borough of Sitka v. International Bhd. of Elec. Workers, Local Union 1547*, 653 P.2d 332 (Alaska 1982), we held the opt out from PERA valid even though there had been prior employee organizing efforts. However, we distinguished *Petersburg* because the employees in Sitka had attempted to organize prior to the passage of PERA. From the time PERA was enacted until Sitka exempted itself there had been no organizing activities. The employees could not have organized in reliance on their PERA rights because PERA had not yet become the law. *City & Borough of Sitka*, 653 P.2d at 335.

By contrast, in this case Borough employees have already relied upon their PERA rights. The Borough's attempt in 1979 to stop the employees from organizing was an attempt, as in *Petersburg*, to deny employees their statutory right to organize. The fact that the resolution was passed just twelve days after the employee vote indicates the Borough was still attempting to thwart employee efforts to organize under PERA.[2]

In *Petersburg* we limited a local government's ability to exempt itself from PERA once the local government became aware of substantial steps taken by employees to exercise their PERA rights. Although this holding limits the freedom of political subdivisions to opt out of PERA, we concluded that this result was consistent with the legislature's intent. 538 P.2d at 268. "[A]pplicability of PERA is the rule, exemption the exception." *Id.* We reaffirm that political subdivisions may not reject PERA after becoming aware of substantial organizational activity by employees.[3]

## IV. CONCLUSION

The Borough's rejection of PERA after it became aware of substantial organizational activity is invalid. The decision of the superior court affirming DOL's determination that the Borough's 1980 resolution was ineffective in rejecting PERA is AFFIRMED.

BURKE, Justice, concurring.

I concur because I am bound by the decision of the court in *State v. City of Petersburg*, 538 P.2d 263 (Alaska 1975).

MATTHEWS, Justice, concurring.

I agree that the 1980 opt-out resolution of the Kodiak Island Borough is invalid. I

---

2. We reject the Borough's contention that organizing activity had ceased after the election because there were no organizing efforts in the twelve day period preceding the Borough's rejection of PERA. We note that PERA requires employees to wait for one full year following a valid election before they can hold another election. AS 23.40.100. As the organizational hiatus during the twelve day period was consistent with PERA, the lack of organizational activity did not terminate the employees' PERA rights.

3. In *Anchorage Mun. Employees Ass'n v. Municipality of Anchorage*, 618 P.2d 575, 579 (Alaska 1980), we wrote "a public employer which chooses to opt out of PERA must do so promptly, rather than at its leisure...." Because we conclude that Kodiak Island Borough's rejection of PERA after it became aware of substantial organizational activity was invalid, we do not reach the question of whether PERA can be rejected seven years after it was enacted.

reach this conclusion on the basis of the fact that the resolution was untimely, coming as it did more than seven years after the effective date of PERA. This court has not established a specific time limit for a public employer to exempt itself from PERA. However, we have made it clear that "a public employer which chooses to opt out of PERA must do so promptly, rather than at its leisure...." *Anchorage Mun. Employees Ass'n v. Municipality of Anchorage,* 618 P.2d 575, 579 (Alaska 1980) (opt-out resolution passed one month after municipal entity was created held timely). Although we have never set a definite outside limit after which a municipality's attempted opt-out would be considered untimely, it seems clear to me that the 1980 resolution of the Borough is necessarily beyond any reasonable limit.

I do not think that today's opinion is on sound ground in concluding that awareness of substantial organizational activity by employees necessarily precludes an employer from rejecting PERA. The point of *State v. City of Petersburg,* 538 P.2d 263 (Alaska 1975), is that an employer should not be able to change the rules by which organizational contests are conducted in the midst of a contest. In the present case the contest was over. The organizational election had been held and the union had lost. Despite the fact that the Borough was aware of these events, recognizing the opt-out as valid would not be unfair because the opt-out did not interfere with ongoing organizational activities.