John N. CRIVELLO, Appellant,

v.

STATE of Alaska, Commercial Fisheries
Entry Commission, Appellee.

No. S–9871.

Supreme Court of Alaska.

Dec. 6, 2002.

Louis James Menendez, Juneau, for Appellant.

John T. Baker, Assistant Attorney General, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

EASTAUGH, Justice.

## I. INTRODUCTION

The Commercial Fisheries Entry Commission (CFEC) rejected John Crivello's limited entry salmon permit application because it found that he had insufficient points. Crivello appeals the CFEC's denial of a third hearing and argues that he was entitled to more points for gear ownership and income dependence. Because the CFEC reasonably interpreted its regulation and disallowed the points Crivello's partner tried to cede to Crivello and because substantial evidence supported the CFEC's findings regarding Crivello's independent ownership of gear, we affirm the superior court's affirmance of the CFEC decision denying Crivello's application.

## II. FACTS AND PROCEEDINGS

John Crivello fishes commercially in Bristol Bay. In April 1977 Crivello applied for a Bristol Bay drift gillnet limited entry salmon permit.[1] He claimed a total of twelve points: eight for his past participation in the fishery as a crewman from 1965 until 1972 and four for ownership of a vessel and gear. From 1961 until 1972 Crivello's partner, Vince Aiello, held the gear license and Crivello held the commercial license. Crivello obtained a gear license in 1973. As of January 1, 1973 Crivello and Aiello jointly owned the vessel used in their commercial fishing operation. The CFEC, per AS 16.43.240 and 16.43.250(a), determined that applicants with seventeen points and higher would be issued permits for the Bristol Bay drift gillnet fishery. In March 1979 the CFEC classified Crivello as eligible for twelve points but denied him a permit because he had insufficient points. Crivello promptly requested an administrative hearing. The CFEC initially denied review but, after Crivello filed a notice of appeal and a motion for remand, the superior court remanded the case to the CFEC for a determination whether Crivello was entitled to more points under our decision in *State, Commercial Fisheries Entry Commission v. Templeton.*[2]

The CFEC held the first hearing on Crivello's application on December 19, 1980. Crivello was represented by counsel. Crivello and Aiello testified. Aiello testified that he would relinquish to Crivello the net own-

**1.** In 1973 the Alaska Legislature found that commercial fishing had reached levels of participation that had impaired or threatened to impair fishery resources. AS 16.43.010. It created the CFEC to determine fishers' eligibility for limited entry permits to fish protected fisheries based on economic dependence on and past participation in the fishery. AS 16.43.020, .250. A fisher proves economic dependence by, among other things, establishing how much income the fisher derives from the fishery as opposed to non-fishing occupations, and how great an invest-
ment the fisher has made in gear ownership. AS 16.43.250; 20 Alaska Administrative Code (AAC) 05.630(b)(3) (2000).

**2.** 598 P.2d 77, 81 (Alaska 1979) ("[A]llocating one permit between two partners solely on the fortuitous circumstances of which one held the gear license in two given years does not realistically weigh the relative hardship which each partner would suffer by denial of a permit.") (footnote omitted).

ership points to which Aiello was entitled but which Aiello did not need to obtain his own fishing permit.

The hearing officer rendered her decision in June 1982. She awarded Crivello four out of a possible six points for vessel and gear ownership for his one-half interest in the partnership's boat and gear. She rejected Crivello's argument that he be awarded the two points that Aiello did not need in this category. She determined that simply being the partner of a gear license holder from 1969 to 1972 did not entitle Crivello to points for holding a gear license under *Templeton.*[3] Finally, the hearing officer reviewed the settlement sheet, partnership tax return, and Social Security Earnings Record Crivello submitted and awarded Crivello two points for income dependence for 1971.[4] After adding the eight points he received for past participation as a crew member, she recommended that the CFEC classify Crivello at fourteen points and deny him a permit for insufficient points.

The CFEC granted Crivello, at his request, an opportunity to make an oral presentation to challenge the hearing officer's decision. Crivello appeared with counsel before the CFEC in May 1983 to challenge the decision. The CFEC reduced Crivello's vessel and gear award from four to three points because his one-half ownership in the boat and gear only entitled him to one half of the six possible ownership points.[5] It added three points for income dependence for 1972. These changes gave Crivello up to sixteen points, still one short of the seventeen points needed for a permit for this fishery.[6] The CFEC advised Crivello's attorney to develop the record as thoroughly as possible and gave him more time to produce evidence of, among other things, investment credit.

Crivello then submitted two affidavits—one from himself and one from Aiello—discussing the partnership and the joint ownership of the vessel and gear. He submitted the partnership's 1966, 1967, and 1969 state and federal Return of Income and his 1966 and 1967 individual state tax returns.

The CFEC issued its final decision in May 1999.[7] This decision awarded him three points for vessel and gear ownership for his one-half ownership interest. It cited *Chocknok v. State, Commercial Fisheries Entry Commission*[8] to support its policy not to distribute points between partners. It calculated Crivello's income dependence using the total gross earnings attributable to the partnership in 1971 and 1972 and awarded him two points for 1971 and three for 1972. It denied him a permit because his final point total was sixteen, one less than the seventeen required for a permit for this fishery.

Crivello petitioned for reconsideration and supported his petition with his 1999 affidavit. In the affidavit he claimed points for ownership of gear independent of the partnership and alleged not to have understood the need to make the claim for independent gear ownership points earlier. He also alleged that the CFEC miscalculated his non-fishing occupational income and awarded him too few points for income dependence. He requested a third hearing.

On reconsideration, the CFEC reevaluated Crivello's income dependence for 1971 and 1972 and revoked the five points he had previously received in that category. It determined that "the record fail[ed] to provide the commission with sufficient information to establish the amount of the applicant's non-fishing occupational income."[9] The CFEC

---

3. Crivello does not appeal the CFEC's decision to deny him points for past participation as a gear license holder.

4. At that time, Crivello derived non-fishing income from his part ownership of a restaurant in Monterey, California.

5. *See* 20 AAC 05.630(b)(3).

6. There was brief confusion over one 1969 participation point that was eventually settled in Crivello's favor.

7. The CFEC explained in its decision and in its brief for this court why its final decision was delayed. Crivello does not argue that the delay caused him prejudice. Crivello has fished under an interim permit in the intervening years.

8. 696 P.2d 669, 676 n. 10 (Alaska 1985).

9. The CFEC determined that it would not rely on the evidence that it previously used to calculate Crivello's income dependence, such as Social Security earnings.

also determined that the reason Crivello gave for his prior failure to include evidence of his individual gear ownership—that he did not think he needed the extra points the evidence could have afforded him—was unpersuasive. The CFEC reasoned that Crivello had the incentive and the opportunity to present any useful evidence before his petition for reconsideration because he had lacked sufficient points for a permit since he first applied. The CFEC ultimately decided that this issue was moot, however, because in light of the five income dependence points the CFEC had just revoked, the three disputed points for individual gear ownership would not bring Crivello's point total to seventeen and therefore would not make him eligible for a permit. The CFEC denied his application, concluding that Crivello had only eleven points, six less than required.

The CFEC also rejected Crivello's request for another hearing because, unlike the appellants in *Forquer v. State, Commercial Fisheries Entry Commission*,[10] Crivello was "now well beyond the initial application stage and ha[d] already had two hearings." It concluded that Crivello's petition had not established a genuine issue about which to hold a hearing. It stated that if *Forquer* required a third hearing at the reconsideration stage, "the commission could never reach finality on an application unless it turned back all such evidence without comment."

Crivello appealed to the superior court, which affirmed the CFEC's decision on the three issues Crivello contested: income dependence, due process, and vessel and gear ownership. On income dependence the court held that "there is simply no evidence presented that Crivello's non-fishing income was low enough to produce the income percentages required for an award of points" and that such an award "would not have been

supported by substantial evidence and would therefore have been erroneous." The court rejected Crivello's due process argument and agreed with the CFEC that the two hearings Crivello had received were sufficient to allow him to be heard. Finally, the court agreed with the CFEC that the issue whether Crivello owned gear independent of the partnership was moot because the extra points would not be sufficient for a permit. The superior court affirmed the CFEC in all respects.

Crivello appeals.

## III. DISCUSSION

### A. Standard of Review

When the superior court acts as an intermediate court of appeal, we review the underlying administrative decision independently.[11] We review an agency's interpretation of its regulations under the reasonable basis standard.[12] We review the agency's factual findings under the substantial evidence standard.[13] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[14]

### B. The Superior Court Did Not Err by Affirming the CFEC's Decision.

The 1973 Limited Fisheries Entry Act established the Commercial Fisheries Entry Commission (CFEC) and "charged it with protecting distressed fisheries by granting a limited number of access permits to commercial fishers."[15] Alaska Statute 16.43.260(a) limits permit eligibility to fishers who hold a gear license as of the qualification date, January 1, 1973, and the CFEC determines further eligibility based on economic dependence on the fishery for which the fisher seeks the permit and the hardship the fisher

10. 677 P.2d 1236, 1242 (Alaska 1984) (holding that CFEC must conduct hearing when it accepts new evidence before it may reject entry permit application due to applicant's failure to establish qualifications).

11. *Leuthe v. State, Commercial Fisheries Entry Comm'n*, 20 P.3d 547, 550 (Alaska 2001).

12. *Bartlett v. State, Commercial Fisheries Entry Comm'n*, 948 P.2d 987, 990 (Alaska 1997).

13. *Jones v. Commercial Fisheries Entry Comm'n*, 649 P.2d 247, 249 n. 4 (Alaska 1982).

14. *Commercial Fisheries Entry Comm'n v. Baxter*, 806 P.2d 1373, 1374 (Alaska 1991) (citation and internal quotations omitted).

15. *Leuthe*, 20 P.3d at 548; *see also* AS 16.43.010–.990.

would endure if denied the permit.[16] Crivello applied in 1977 for a permit for the Bristol Bay drift gillnet fishery. The CFEC denied him a permit because he had insufficient points.

To receive the seventeen points needed for this permit, Crivello must prevail on his appellate claims for both additional gear ownership and income dependence points. As it stands, he has eight undisputed past participation points and three undisputed gear ownership points. He therefore needs at least six more points to receive a permit. It is clear that Crivello is arguing on appeal that he is entitled to five income dependence points. Even if he receives those five income dependence points, he also needs at least one gear ownership point in addition to the three he has already received. We do not need to decide whether Crivello is entitled to any income dependence points, because we uphold the superior court's affirmance of the CFEC's denial of Crivello's claim for additional gear ownership points. Our ruling on this issue moots Crivello's claims regarding income dependence points.

█ Crivello argues that he should have been awarded more points for vessel and gear ownership under 20 AAC 05.630(b)(3).[17] The interpretation of this regulation "implicates agency expertise of the determination of fundamental policies within the scope of the agency's statutory functions"; therefore we apply the reasonable basis standard to review the agency's decision.[18]

The CFEC awarded Crivello three out of an available six points[19] for vessel and gear ownership.[20] Crivello argues that he is entitled to six. First, Crivello argues that he should have been awarded the full six points available in this category because his partner was willing to cede his partnership interest in the vessel and gear to Crivello to make Crivello eligible for a permit. Crivello asserts that the CFEC unreasonably interpreted its regulations to preclude giving Crivello credit for full ownership of the partnership's vessel and gear. He claims the partnership would not fare better if he were allotted these extra points because the partners would still be limited to distributing only the available six points between themselves.[21] He asserts that it is unreasonable for the CFEC not to allow partners to distribute among themselves their ownership interests in jointly owned gear. He argues that because Aiello does not need these points to obtain his own permit, Aiello should be able to donate his unneeded partnership interest in the vessel and gear to Crivello.

The CFEC argues that it properly denied Crivello the three additional points and that its interpretation of its regulation was reasonable. It concedes that it had previously allowed spouses to distribute ownership points between themselves, but asserts that this court, in *Chocknok,* upheld the change to a policy of treating every partnership equally and disallowing point distribution among partners.[22] The CFEC characterizes Crivel-

---

**16.** AS 16.43.250.

**17.** 20 AAC 05.630(b) (2000) sets out the following relevant points schedule:

> Up to a maximum of 20 points will be awarded an applicant for economic dependence on a fishery based on ...
> (3) investment as of the qualification date in vessel, gear or setnet site used or to be used in the fishery for which application is being made....
> (A) owns vessel ... 6 points; ...
> (C) owns gear ... 3 points.

**18.** *Matanuska–Susitna Borough v. Hammond,* 726 P.2d 166, 175 (Alaska 1986).

**19.** *See* 20 AAC 05.630(b)(3).

**20.** 20 AAC 05.620(2) reads in part:

> [T]he commission will rank an applicant based on the factor of investment in vessels, gear and setnet sites if the applicant, on the qualification date, was the owner of a vessel, gear or setnet site used or to be used in the fishery for which he is applying.... In cases where a vessel, gear or setnet site was owned jointly or in a corporate capacity, an applicant's points will be determined by multiplying his percentage of ownership interest times the total number of points possible.

**21.** *See Chocknok v. State, Commercial Fisheries Entry Comm'n,* 696 P.2d 669, 676 n. 10 (Alaska 1985) (holding that "two people co-owning a vessel and gear should not fare better than one person") (citing *Rose v. Commercial Fisheries Entry Comm'n,* 647 P.2d 154, 161 (Alaska 1982)).

**22.** *Id.* ("The Commission has not changed a regulation, but has corrected a policy. It is well

lo as arguing that "a literal interpretation of the regulation is unreasonable," because as the CFEC observes, it is undisputed that Crivello only owned fifty percent of the vessel and gear at the qualification date and therefore should only be entitled to half of the available points. It argues that Crivello and Aiello did not have an understanding as to ownership interest distribution before the qualification date, as 20 AAC 05.620(2) requires. It contends that Crivello's interpretation of *Chocknok* would result in partners faring better than individuals because it would "creat[e] two units of gear where only one existed in the fishery prior to the qualification date, the precise result the regulations were designed to avoid."

■ We affirm the superior court and the CFEC's decision on this issue. We held in *Chocknok* that in discontinuing its practice of allowing spouses to distribute ownership interest between themselves and in prohibiting partners who were not spouses ever to distribute interest between themselves, "[t]he Commission ha[d] not changed a regulation, but ha[d] corrected a policy."[23] That ruling is dispositive on this issue. The CFEC did not err in interpreting its regulation to preclude Aiello from donating his interest to Crivello.

Crivello next argues that he should have been awarded the full six ownership points because he owned gear independent of the partnership. Crivello first claimed points for separate gear ownership in his 1999 reconsideration petition. The CFEC dismissed Crivello's individual ownership claim in its Final Commission Decision on Reconsideration for two reasons: it surmised that Crivello had used this gear illegally, given his testimony that he used it in Aiello's absence before Crivello was a gear license holder; and it was not persuaded by Crivello's argument that he first mentioned this individually owned gear in his petition for reconsideration because he did not realize he needed these points until the reconsideration stage.

Crivello argues that he testified that he had used the gear only when "it was acceptable" to the Alaska Department of Fish and Game (ADF & G). He asserts that there was substantial evidence that he owned the gear by the qualification date, when he was a gear license holder, and that the regulation only requires that the gear is "to be used in the fishery,"[24] regardless of the use he had made of the gear before he applied for the permit.

The CFEC asserts that Crivello waived this claim to ownership of separate gear because he failed to preserve it before the superior court. The CFEC contends that he raised this claim for the first time on reconsideration of the CFEC's final decision and abandoned it in his superior court brief. CFEC argues that it is relevant that he used the gear illegally and that there is no evidence that the ADF & G condoned Crivello's use of the gear or gave Crivello reason to believe that he could fish alone without a gear license. It also contends that, regardless of Crivello's use of the gear, the CFEC was entitled to find that there was substantial evidence that Crivello did not in fact own any separate gear independent of the partnership. It relies on testimony in which Crivello only referred to gear the partnership owned and his emphasis on that joint ownership.

Crivello replies that if there is contradictory evidence in the record whether Crivello owned separate gear, a hearing is needed. He asserts that he did not waive this argument. He contends instead that the CFEC and the superior court both addressed it and both found it a moot point because even if he were awarded these points he would not have reached the requisite seventeen points.

We agree with Crivello that he did not waive his claim for independent gear ownership points. The superior court actually addressed that claim, (although that court determined that the issue was moot because the extra points would not have given Crivello the requisite seventeen).

established that the choice between modifying an existing agency policy by rule or by individual ad hoc litigation is one that lies in the informed discretion of the agency.") (citation omitted).

**23.** *Id.*

**24.** 20 AAC 05.630(b)(3).

■ We nonetheless affirm the decision not to grant Crivello more points for independent gear ownership and the decision not to grant him a new hearing under AS 16.43.260(c).[25] We hold that there was substantial evidence that Crivello was not using his own gear. This evidence consisted of testimony by Crivello and his partner that referred to all gear as jointly owned.

■ We also agree with the CFEC's interpretation of AS 16.43.260(c) and hold that the CFEC was not required to grant Crivello a third hearing. In *Forquer* we held that "[b]y extending a new opportunity to submit additional evidence to [the] applicants ... the Commission was then required to conform to the mandate of the statute and its hearing requirement."[26] To hold that Crivello is entitled to a new hearing on reconsideration after he had two previous hearings would mean that the CFEC is required to hold a hearing whenever it accepts any new evidence, regardless of the applicant's opportunity to present the evidence in previous hearings. It was Crivello's burden from the outset to establish his eligibility for as many points as he could. He was on notice from the beginning that his application lacked the requisite points to make him eligible for a permit. The hearing officer initially found him eligible for fourteen points and the CFEC never awarded him enough points to obviate an independent gear ownership claim. He had ample opportunity to present any evidence of individual gear ownership, and the CFEC even advised him to develop the record for investment credit. "Whether to consider a new issue raised for the first time in a petition for reconsideration can properly be committed to the agency's discretion."[27] We uphold the superior court's affirmance of the CFEC's denial of more points for vessel and gear ownership.

## IV. CONCLUSION

For these reasons we AFFIRM the superior court's affirmance of the CFEC's decision to deny Crivello's limited entry permit application.

**25.** AS 16.43.260(c) reads:
When an applicant is unable to establish qualifications for an entry permit by submitting the specific verified evidence required in the application by the commission, the applicant may request and obtain an administrative adjudication of the application according to the procedures established in AS 16.43.110(b). At the hearing the applicant may present alternative evidence of qualifications for an entry permit.

**26.** 677 P.2d 1236, 1242 (Alaska 1984).

**27.** *Jones v. Commercial Fisheries Entry Comm'n,* 649 P.2d 247, 250 (Alaska 1982).